## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

LAWRENCE FAUNTLEROY,

DeKalb County No. X1903906,

     Plaintiff,

               v.

DOE,

      Defendant.

Civil Action No.
1:20-cv-00781-SDG

## OPINION AND ORDER

This matter is before the Court for consideration of the January 12, 2022 Final

Report and Recommendation (R&R) entered by United States Magistrate Judge J.

Clay Fuller [ECF 19], which recommends that this action be **DISMISSED** under

28 U.S.C. § 1915(e)(2)(B) as frivolous and for failure to state a claim. On February

4, Plaintiff objected and filed a motion for leave to amend his pleading.[1]

A party challenging a report and recommendation issued by a United States

Magistrate Judge must file written objections that specifically identify the portions

of the proposed findings and recommendations to which an objection is made and

must assert a specific basis for the objection. *United States v. Schultz*, 565 F.3d 1353,

1361 (11th Cir. 2009). The district court must "make a *de novo* determination of

those portions of the report or specified proposed findings or recommendations to

---

[1]   ECF 21; ECF 22.

which objection is made." 28 U.S.C. § 636(b)(1); *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990).

Absent objection, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1), and need only satisfy itself that there is no clear error on the face of the record. Fed. R. Civ. P. 72(b). "Frivolous, conclusive, or general objections need not be considered by the district court." *Schultz*, 565 F.3d at 1361 (quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988)).

Plaintiff seeks to bring claims under 42 U.S.C. § 1983. Plaintiff is confined to the DeKalb County, Georgia jail.[2] To the extent Plaintiff's allegations can be deciphered, he complains about having been placed in an upstairs top bunk despite a medical classification requiring him to be in a lower tier bottom bunk.[3] This caused Plaintiff injuries that he claims were not treated.[4] He identifies the rights that were violated as the 8th and 14th Amendments.[5] According to Plaintiffs' statement of claim, the classification officer was female. However, the caption of the Amended Complaint identifies the defendant merely as "DOE" and

---

[2]   ECF 17, at 2.

[3]   *Id.* at 4.

[4]   *Id.* at 5.

[5]   *Id.* at 4.

the body of the pleading inconsistently names the defendant as Thomas Roberts or "Doe Classification."[6]

Judge Fuller concluded that the Amended Complaint fails to state a claim under 42 U.S.C. § 1983 for relief for several reasons: (1) the general prohibition against fictitious party pleading in federal court; (2) the pleading fails to identify any serious medical need or injury caused by the conduct Plaintiff challenges; and (3) Plaintiff does not explain how his brief assignment to an upper floor top bunk was an unconstitutional condition of confinement or any other type of constitutional violation.[7] Because the R&R determined that Plaintiff had not stated any federal claim, it also recommended that the Court decline to exercise jurisdiction over any state-law tort claim.[8]

Fauntleroy's objections take issue with the R&R's factual conclusions based on details that are not in the Amended Complaint.[9] Even if those details had been included in the pleading, however, they only identify a potentially serious medical need. They do nothing to explain how those alleged needs were affected by the fictitious defendant's alleged conduct or how that conduct was unconstitutional.

---

6   *Id.* at 1–2.

7   *Id.* at 4–6.

8   *Id.* at 6.

9   ECF 21.

Nor has Fauntleroy pointed to any error in the R&R's assessment that he had not provided sufficient identifying details about the Doe defendant to satisfy the exception to the prohibition against fictitious party pleading.

As for Fauntleroy's motion for leave to file an amended complaint, he does nothing to correct the problems with his pleading noted in the R&R. He seeks only to add defendants and additional forms of relief.[10] "A district court may deny leave to amend a complaint if it concludes that the proposed amendment would be futile, meaning that the amended complaint would not survive a motion to dismiss." *Christman v. Wals*h, 416 F. App'x 841, 844 (11th Cir. 2011). Here, Fauntleroy's proposed amendment would fail to state a claim for relief for the same reasons his original pleading fails.

Fauntleroy has not identified a specific portion of the R&R to which he objects. Because the Court finds no clear error on the face of the record, the R&R is **ADOPTED** as the Order of this Court. Plaintiff's Motion for Leave to File an Amended Complaint [ECF 22] is **DENIED**. The Clerk of Court is **DIRECTED** to close this case.

**SO ORDERED** this 22nd day of February, 2022.

_____
Steven D. Grimberg
United States District Court Judge

---

[10] ECF 22.